UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
No. 5:11-CV-00136-RLV-DSC

| | | |
|---|---|---|
| KAREN HUBBARD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **STIPULATED** |
| vs. | ) | **PROTECTIVE ORDER** |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC; AND | ) | |
| WILLIAM J. ALLEN, P.A. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to this Court's authority under Fed. R. Civ. P. 26(c), ORDERED upon stipulation of the parties that:

1.  As used in the Protective Order, these terms have the following meanings:

    "Attorneys" means counsel retained by the Parties;

    "Confidential" documents are documents designated pursuant to paragraph 2;

    "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

    "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

    "Written Assurance" means an executed document in the form attached as Exhibit A.

1

**Disclosure of Documents Stamped Confidential.**

2.  Any party to this litigation producing copies of documents may designate some or all of those documents "confidential" to protect information within the scope of Fed. R. Civ. P. 26(c), if and only if the producing party believes in good faith that the documents contain or reflect trade secrets, non-public proprietary or commercial information, or other confidential matters, including but not limited to information about non-parties and financial information, for which a protective order would be legally justified under Fed. R. Civ. P. 26(c).

3.  Confidential documents shall not be made available to any person other than:

    a. Attorneys;

    b. The Court and its staff;

    c. The parties;

    d. Any person produced for testimony at a deposition or trial of this matter for the limited purposes of their testimony;

    e. Court reporters while in the performance of their official duties, provided that these persons may retain confidential documents only as long as is necessary for the conduct of their duties in this litigation;

    f.. Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action, provided, however, that confidential documents can be disclosed to such persons only in preparation for, review of, or in the course of his or her testimony, and that such person not retain confidential documents after his or her testimony is concluded; and

    g. The author and addressees of confidential documents.

2

4.    Each person appropriately designated pursuant to paragraphs 3(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed.    Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made.  If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

5.    Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action.   A copy of the Protective Order shall be served along with any subpoena served in connection with this action.  All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6.    The parties reserve the right to make applications on motion with notice to this Court for the addition of persons, not specifically delineated in Paragraph 3 of this Order, to whom confidential documents may be made available.

**Use Generally.**

7.    All confidential documents, and the information contained therein or derived there from, may be used solely for purposes of this litigation (including appeals and retrials), and may not be used for any other purpose, including without limitation, business, governmental,

3

commercial, or administrative proceedings. No person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

**Use in Depositions.**

8. A deponent may, during a deposition relating to this litigation, be shown and examined about confidential documents. A deponent must not retain or copy portions of the transcript of his or her deposition that contain confidential information.

9. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

**Filing.**

10. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the applicable local rules governing the filing of such information, including but not limited to L.Cv.R 6.1(B). Prior to disclosure at trial or a hearing of materials or information designated "Confidential", the parties may seek further protections against public disclosure from the Court. The Clerk of this Court is directed to maintain under seal all documents, pleadings, or transcripts of deposition testimony filed with this Court under seal in accordance with LCvR6.1(G)..

4

**Termination of Litigation.**

11. Within sixty (60) days of the termination of this action, including any appeals, any receiving party shall return to the producing party all confidential documents, or cause such documents to be destroyed. On request, a letter certifying return or destruction shall be delivered by a receiving party to the producing party.

**Modification Permitted.**

12. Any party may seek to modify, expand, cancel, or supersede this Order by stipulation of the parties or by motion no notice.

**Effect and Operation.**

13. Designation of any document as "confidential" does not mean for any purpose that the document necessarily contains or reflects trade secrets or non-public proprietary or confidential information or other confidential matters. Designation of a document as "confidential" cannot serve as either a presumption, inference or evidence that the document contains or reflects trade secrets or non-public proprietary commercial information or other confidential matters.

14. Nothing in this Order shall:

      a. operate as an admission by any party that any particular discovery material contains or reflects trade secrets, non-public proprietary or commercial information, or other confidential matters; or

      b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery; or

      c. prejudice in any way the rights of a party to seek from this Court determination of –

            i. whether particular discovery material shall be produced; or

> ii. if produced, whether such material should be subject to
> the terms of this Order; or
>
> d. prejudice in any way the rights of a party to apply to this Court
> for a further order relating to any confidential information.

**Responsibility of Attorneys**

15. All counsel of record in this litigation and all members and employees of their respective firms will take all steps reasonably necessary to comply with this Order.

**Declassification.**

16. Any party may request a change in the designation of any information designated "Confidential". Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

**Inadvertent Disclosure.**

17. The inadvertent, unintentional, or *in camera* disclosure of confidential documents shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

18. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

**Ultimate Disposition**

19. The ultimate disposition of protected materials subject is subject to a final order of the Court on the completion of litigation.

**IT IS SO ORDERED.**

Dated this _14_ day of _September_ 2012.

_____
UNITED STATES ~~DISTRICT~~ JUDGE
*Magistrate*

SO STIPULATED.

/s/ Holly E. Dowd
Holly E. Dowd (N.C. Bar No. 37533)
WEISBERG & MEYERS, LLC
409A Wakefield Dr.
Charlotte, NC 28209
Telephone:    (888) 595-9111 ext. 260
Facsimile:    (866) 565-1327
Counsel for Plaintiff, Karen Hubbard

/s/ Caren D. Enloe
Caren D. Enloe (N.C. Bar No. 17394)
Morris Manning & Martin, LLP
P.O. Box 12768
Research Triangle Park, NC 27709
(919) 806-2969
cenloe@mmmlaw.com
Counsel for Defendant Portfolio Recovery Associates, LLC

/s/ James P. Galvin
James P. Galvin
Thurman, Wilson, Boutwell & Galvin, P.A.
Cameron Brown Building, Ste. 608301 S. McDowell St.
Charlotte, NC 28204
(704) 377-4164
james@twbglaw.com
Counsel for Defendant William J. Allen, P.A.

7

**EXHIBIT A**
**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of

_____, County of _____, State of

_____. My telephone number is

_____.

    I am currently employed by _____, located at

_____, and my current job

title is _____.

    I have read and I understand the terms of the Protective Order dated

_____, filed in Case No. No. 5:11-CV-00136-RLV-DSC, pending in the United

States District Court for the Western District of North Carolina. I agree to comply with and

be bound by the provisions of the Protective Order. I understand that any violation of the

Protective Order may subject me to sanctions by the Court.

    I shall not divulge any documents, or copies of documents, designated "Confidential"

obtained pursuant to such Protective Order, or the contents of such documents, to any

person other than those specifically authorized by the Protective Order. I shall not copy or

use such documents except for the purposes of this action and pursuant to the terms of the

Protective Order.

    As soon as practical, but no later than 30 days after final termination of this action, I

shall return to the attorney from whom I have received them, any documents in my

possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____     _____
               (Date)                              (Signature)